**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| THE NEW GEORGIA PROJECT, REAGAN JENNINGS, CANDACE WOODALL, and BEVERLY PYNE,<br><br>        Plaintiffs,<br><br>             v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and the Chair of the Georgia State Election Board, *et al.*,<br><br>        Defendants. | Civil Action File<br>No. 1:20-CV-01986-ELR |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiffs THE NEW GEORGIA PROJECT, REAGAN JENNINGS, CANDACE WOODALL, and BEVERLY PYNE (collectively, "Plaintiffs"), for the reasons set forth herein and in the memorandum of law filed concurrently with this motion, and as supported by the materials submitted therewith, respectfully move for an Order preliminarily enjoining Defendant Georgia Secretary of State BRAD RAFFENSPERGER (the "Secretary") and all other Defendants from implementing or enforcing Georgia's: (1) standardless process for notifying voters regarding incomplete absentee ballot applications ("Notification Process"), O.C.G.A. § 21-2-381(b)(4); (2) age restriction

148463244.2

on those who are allowed to submit one application to vote by mail for an entire election cycle ("Absentee Age Restriction"), *id.* § 21-2-381(a)(1)(G); (3) requirement that voters pay for postage to submit an absentee ballot ("Absentee Postage Tax"); (4) rejection of absentee ballots received by 7:00 p.m. on Election Day ("Receipt Deadline"), *id.* § 21-2-386(a)(1)(F); and (5) prohibition on third-party assistance for absentee ballots ("Voter Assistance Ban"), *id.* § 21-2-385(a).

A preliminary injunction is warranted here because Plaintiffs are likely to succeed on the merits of their claims. All five challenged provisions severely burden the right to vote without justification in violation of the First and Fourteenth Amendments. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)). The Absentee Age Restriction also facially discriminates on the basis of age in violation of the Twenty-Sixth Amendment. U.S. Const. amend. XXVI, § 1. Additionally, the Receipt Deadline and the Notification Process fail to provide due process of law. U.S. Const. amend. XIV, § 1. The Notification Process also results in similarly-situated voters being placed on unequal terms in violation of the Equal Protection Clause. *Bush v. Gore*, 531 U.S. 98, 104–05 (2000). And the Absentee Postage Tax violates the Fourteenth and Twenty-Fourth Amendments, which prohibit the government from imposing a poll tax. *Harper v. Va. State Bd. of Elect.*, 383 U.S. 663, 668 (1966); *Harman v. Forssenius*,

380 U.S. 528, 539 (1965). Finally, the Voter Assistance Ban represents an overbroad restriction on political speech and political organizing in violation of the First Amendment, U.S. Const. amend. I, and is preempted by Section 208 of the Voting Rights Act as a restriction on voters' freedom of choice, 52 U.S.C.A. § 10508.

Moreover, Plaintiffs will suffer irreparable injury without an injunction. *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012); *League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1167 (N.D. Fla. 2012). And the balance of equities and the public interest favor an injunction. *United States v. Georgia*, 892 F. Supp. 2d 1367, 1377 (N.D. Ga. 2012); *Democratic Exec. Comm. v. Lee*, 915 F.3d 1312, 1327 (11th Cir. 2019).

Plaintiffs request that any preliminary injunction issued require the Secretary and all other Defendants to take all necessary steps, including promulgating any rules and regulations consistent with this Court's Order, to: (1) notify all voters of absentee application deficiencies within three days of receiving the application, or by the next business day for applications received during the eleven days before the election; (2) permit voters of all ages to submit a single absentee ballot application per election cycle to vote by mail ballot in any election during that cycle; (3) provide voters with prepaid postage on all absentee ballot return envelopes; (4) accept and count absentee ballots that are postmarked by Election Day and arrive at their

- 3 -

respective county's office within, at a minimum, five business days after Election Day;[1] and (5) allow voters to designate any third party to assist in the collection and submission of their absentee ballots.

Dated: June 10, 2020                     Respectfully submitted,

                                         **<u>Adam M. Sparks</u>**
                                         Halsey G. Knapp, Jr.
                                         Georgia Bar No. 425320
                                         Joyce Gist Lewis
                                         Georgia Bar No. 296261
                                         Adam M. Sparks
                                         Georgia Bar No. 341578
                                         **KREVOLIN AND HORST, LLC**
                                         One Atlantic Center
                                         1201 W. Peachtree Street, NW, Suite 3250
                                         Atlanta, GA 30309
                                         Telephone: (404) 888-9700
                                         Facsimile: (404) 888-9577
                                         hknapp@khlawfirm.com
                                         jlewis@khlawfirm.com
                                         sparks@khlawfirm.com

---

[1] The term "postmark" as used herein refers to any type of imprint applied by the postal service to indicate the location and date the postal service accepts custody of a piece of mail, including bar codes, circular stamps, or other tracking marks. Where a ballot does not bear a postmark, it should be presumed to have been mailed on or before Election Day unless the preponderance of the evidence demonstrates it was mailed after Election Day

Marc E. Elias*
Amanda R. Callais*
K'Shaani Smith*
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
ACallais@perkinscoie.com
KShaaniSmith@perkinscoie.com

Kevin J. Hamilton*
Stephanie R. Holstein*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
KHamilton@perkinscoie.com
SHolstein@perkinscoie.com

Lilian Timmermann*
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5222
Telephone: (303) 291-2354
Facsimile: (303) 291-2454
LTimmermann@perkinscoie.com

*Counsel for Plaintiffs*
*\*Admitted Pro Hac Vice*

148463244.2

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: June 10, 2020                    **Adam M. Sparks**
                                        *Counsel for Plaintiffs*

148463244.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

THE NEW GEORGIA PROJECT,
REAGAN JENNINGS, CANDACE
WOODALL, and BEVERLY PYNE,

       Plaintiffs,

          v.

BRAD RAFFENSPERGER, in his official
capacity as the Georgia Secretary of State
and the Chair of the Georgia State Election
Board, *et al*.

       Defendants.

Civil Action File
No. 1:20-CV-01986-ELR

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: June 10, 2020
                  **Adam M. Sparks**
                  *Counsel for Plaintiffs*

148463244.2