# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE NEW GEORGIA PROJECT, REAGAN JENNINGS, CANDACE WOODALL, and BEVERLY PYNE,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State and the Chair of the Georgia State Election Board, *et al.*,<br><br>Defendants. | Civil Action File<br>No. 1:20-CV-01986-ELR |

## PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

This Court has considered Plaintiffs' motion for preliminary injunction, supporting authorities, the response from the Defendants, and the evidence and pleadings of record, and finds that that Plaintiffs are (1) likely to succeed the merits of their First, Fourteenth, Twenty-Fourth, and Twenty-Sixth Amendment claims as well as their Section 2018 claim; (2) will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to Plaintiffs outweighs possible harm that the injunction may cause the opposing party; and (4) the injunction is in the public interest. *GeorgiaCarry.org v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318,

1322 (11th Cir. 2015). Upon considering the motion and supporting authorities, the response from Defendants, and the evidence and pleadings of record, the Court finds that Plaintiffs have clearly established their burden of persuasion as to each of these four prerequisites, and accordingly Plaintiffs' motion is **GRANTED**.

**IT IS ORDERED**:

a. Defendants, their officers, employees, and agents, all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control are **PRELIMINARILY ENJOINED** from implementing or enforcing the Notification Process, O.C.G.A. § 21-2-381(b)(4); Absentee Age Restriction, *id.* § 21-2-381(a)(1)(G); Absentee Postage Tax; Receipt Deadline, *id.* § 21-2-386(a)(1)(F); and Voter Assistance Ban, *id.* § 21-2-385(a);

b. Defendants, their officers, employees, and agents, all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall notify all voters of absentee application deficiencies within three days of receiving the application, or by the next business day for applications received during the eleven days before the election;

c. Defendants, their officers, employees, and agents, all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall permit voters of all ages to submit a single absentee ballot application per election cycle to vote by mail ballot in any election during that cycle;

d. Defendant Secretary of State Brad Raffensperger shall provide voters with prepaid postage on all absentee ballots;

e. Defendants, their officers, employees, and agents, all persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control shall accept and count otherwise valid absentee ballots from qualified voters that are postmarked by Election Day and arrive at their respective county's office within, at a minimum, five business days after Election Day;[1] and

f. Defendants, their officers, employees, and agents, all persons acting in active concert or participation with Defendants, or under Defendants'

---

[1] The term "postmark" as used herein refers to any type of imprint applied by the postal service to indicate the location and date the postal service accepts custody of a piece of mail, including bar codes, circular stamps, or other tracking marks. Where a ballot does not bear a postmark, it should be presumed to have been mailed on or before Election Day unless the preponderance of the evidence demonstrates it was mailed after Election Day

supervision, direction, or control shall allow voters to designate any third party to assist in the collection and submission of their absentee ballots.

**SO ORDERED** this _____ day of _____ 2020.

_____
Judge Eleanor Louise Ross
United States District Court