# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THE NEW GEORGIA PROJECT, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:20-CV-01986-ELR |
| BRAD RAFFENSPERGER, *in his official capacity as the Georgia Secretary of State and the Chair of the Georgia State Election Board*, et al., | * * * * * | |
| Defendants. | * * | |

## ORDER

Presently before the Court is "State Defendants' Motion to Strike Plaintiffs' Reply Brief in Support of Their Motion for Preliminary Injunction and the Second Declaration of Kevin J. Hamilton with Related Notice Filings and Exhibits Thereto." [Doc. 109]. For the reasons below, the Court grants in part and denies in part Defendants' motion.

## I. Background

On June 10, 2020, Plaintiffs The New Georgia Project, Reagan Jennings, Candace Woodall, and Beverly Pyne filed a motion for Preliminary Injunction,

seeking to enjoin Defendants[1] from enforcing several provisions of Georgia's electoral laws and procedures in the upcoming November elections. [Doc. 57]. The Court scheduled a hearing on Plaintiffs' motion for August 4, 2020 [Doc. 80], which was subsequently rescheduled to August 11, 2020. [Doc. 108].

On July 8, 2020, Defendants responded to Plaintiffs' motion.[2] [Docs. 90, 91]. On July 16, 2020,[3] Plaintiffs filed their "Reply in Support of their Motion for Preliminary Injunction" ("reply"), attaching several exhibits. [See Docs. 105–107]. On July 21, 2020, Defendants filed the instant "Motion to Strike Plaintiffs' Reply Brief in Support of Their Motion for Preliminary Injunction and the Second Declaration of Kevin J. Hamilton with Related Notice Fillings and Exhibits Thereto."[4] [Doc. 109]. Having been fully briefed, Defendants' motion is now ripe for the Court's review.

---

[1] There are eighty-three Defendants in this case, which include various state and county individuals and entities. See Am. Compl [Doc. 33]. For ease of reference, the Court refers to Defendants collectively, unless otherwise noted.
[2] According to the briefing schedule set out by the Court, Defendants' responses to Plaintiffs' motion for preliminary injunction were due by July 8, 2020, and Plaintiffs' reply was due by July 15, 2020. [See Doc. 65].
[3] The Court granted Plaintiffs a one-day extension to file their reply. [See Doc. 101].
[4] The Court notes that this motion was originally filed by Defendants Brad Raffensperger, in his official capacity as Secretary of State and the Chair of the Georgia State Election Board, and State Election Board Members Rachel N. Sullivan, David J. Worley, Matthew Mashburn, and Anh Le (collectively "State Defendants"). [Doc. 109]. However, on July 23, the remaining co-Defendants filed a notice seeking to join the State Defendants' motion. [Doc. 111]. Thus, all Defendants now join in this motion.

## II. Discussion

In their motion, Defendants move to strike Plaintiffs' reply and attached exhibits, arguing that Plaintiffs' additional evidentiary submissions are improper and untimely. [Doc. 109 at 10–13]. Alternatively, Defendants request that the Court postpone the scheduled August 11th hearing so that Defendants may depose the additional individuals who gave declarations in support of Plaintiffs' reply brief and file a sur-reply, or allow them to conduct cross-examination of any additional declarants at the preliminary injunction hearing. [Docs. 109 at 13–14; 120 at 15]. Plaintiffs oppose Defendants' requests, arguing that striking their reply is unwarranted, that any delay is unnecessary and untenable, and that Defendants fail to identify any basis to support the need for further discovery. [Doc. 115 at 20–24].

Upon review, the Court finds that striking Plaintiffs' reply is unwarranted. Generally, affidavits must be filed and served with a motion. See FED. R. CIV. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."). "But nothing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief." Hammons v. Computer Programs & Sys., Inc. (CPSI), No. CIV. 05-0613-WS-C, 2006 WL 3627117, at *14 (S.D. Ala. Dec. 12, 2006). "Affidavits filed with a reply brief are considered only for the limited purpose of responding to matters raised in the

3

responses filed by the opposing parties." Carlisle v. Nat'l Commercial Servs., Inc., No. 1:14-CV-515-TWT, 2015 WL 4092817, at *1 (N.D. Ga. July 7, 2015), aff'd, 722 F. App'x 864 (11th Cir. 2018) (internal marks and citations omitted).  Here, the Court finds that Plaintiffs' additional affidavits supplement the record.  Thus, there is no need to strike Plaintiffs' reply or associated exhibits.

However, the Court finds some merit in Defendants' alternative requested relief—namely that Defendants should be afforded an opportunity to file a sur-reply.  While sur-replies are disfavored in this district, they are not forbidden and the "Court may in its discretion permit the filing of a surreply[.]" Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).  The Court should only exercise its discretion to grant leave to file a sur-reply when a valid reason for additional briefing exists. Id.

In this case, the Court finds that a sur-reply would provide Defendants an opportunity to respond to any purported inaccuracies in Plaintiffs' reply and would be helpful to the Court.  However, due to the time-sensitive nature of this case, the Court finds that Defendants' request to depose all additional declarants before filing their sur-reply to be impractical.  Thus, the Court denies Defendants' request to depose the declarants or conduct cross-examination at the preliminary injunction hearing.  Instead, the Court will postpone the hearing by one (1) week—to Wednesday, August 19, 2020—and grant Defendants permission to file a sur-reply

4

where they may attach their own exhibits, affidavits, and expert reports to rebut Plaintiffs' reply. Defendants must file any sur-reply by Wednesday, August 12, 2020. The Court warns the Parties that it will not consider any further requests for additional briefing or to reschedule the hearing.

### III. Conclusion

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** "State Defendants' Motion to Strike Plaintiffs' Reply Brief in Support of Their Motion for Preliminary Injunction and the Second Declaration of Kevin J. Hamilton with Related Notice Filings and Exhibits Thereto." [Doc. 109]. Specifically, the Court **DENIES** Defendants' request to strike Plaintiffs' reply; **DENIES** Defendants' request to depose Plaintiffs' additional declarants; and **DENIES** Defendants' request to conduct cross-examination at the preliminary injunction hearing. However, the Court **GRANTS** Defendants' request to file a sur-reply. The Court **DIRECTS** Defendants to file a sur-reply in compliance with the Court's above rulings no later than Wednesday, August 12, 2020.

Additionally, the Court **RESCHEDULES** the hearing regarding Plaintiffs' Motion for Preliminary Injunction [Doc. 57] from Tuesday, August 11, 2020, to **Wednesday, August 19, 2020, at 9:30 A.M.** The Court **DIRECTS** the Parties to jointly submit an updated joint proposed schedule of the hearing, setting forth how

much time is requested by each party for oral argument, no later than Friday, August 14, 2020.

**SO ORDERED**, this 3rd day of August, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia